UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:    Pamela M. Kline
                    Debtor
          Terry S. Kline
                    Co-Debtor

          SN Servicing Corporation as servicer
          for U.S. Bank Trust National
          Association as Trustee of Lodge Series
          IV Trust
          v.

          Pamela M. Kline
          Terry S. Kline – Co-Debtor
          Jack N. Zaharopoulos -- Trustee
                    Respondents

CASE NO.: 23-01702-MJC

CHAPTER 13

Judge:  Mark J. Conway

## SETTLEMENT STIPULATION

WHEREAS, on July 26, 2023 Pamela M. Kline (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania;

WHEREAS, on March 21, 2024, SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of Lodge Series IV Trust (the "Movant") filed a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 434 Summerhill Rd, Berwick, PA 18603 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Robert Spielman, Esquire, as follows:

1.	Debtor shall have ninety (90) days from the date of the entry of this Stipulation to sell the Property for a full payoff to Movant, which payoff shall be tendered to Movant from the sales proceeds.  Debtor shall seek Court approval of the sale of the Property, as appropriate.  The approximate payoff amount as of May 1, 2024, is $126,052.14.

2.	Commencing on May 1, 2024, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $701.78, until time of payoff.

3.	Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to complete the sale of the Property in accordance with Paragraph 1, or failure to make any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation and further providing Debtor with notice of the total amount of post-petition arrears to be cured.  If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court.  Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default.  Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

4.	In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect.  In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion.  Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

5.      The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

6.      If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

7.      Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

8.      The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date:  __May 8, 2024__                     /s/ Lauren M. Moyer
                                           _____
                                           Lauren M. Moyer, Esquire
                                           Friedman Vartolo, LLP
                                           *Counsel for Creditor*

Date:  __5/8/2024__                        *Robert Spielman*
                                           _____
                                           Robert Spielman, Esquire
                                           *Counsel for Debtor*

Date:  __May 13, 2024__                    /s/ Agatha McHale, Esquire, for
                                           _____
                                           Jack N. Zaharopoulos
                                           *Chapter 13 Trustee*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Pamela M. Kline | CASE NO.: 23-01702-MJC |
|                   Debtor | |
|          Terry S. Kline | CHAPTER 13 |
|                   Co-Debtor | |
| | Judge:  Mark J. Conway |
| SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of Lodge Series IV Trust v. | |
| Pamela M. Kline Terry S. Kline – Co-Debtor Jack N. Zaharopoulos -- Trustee                   Respondents | |

## **ORDER APPROVING SETTLEMENT STIPULATION**

AND NOW, this _____ day of _____, 2024, it is hereby ORDERED and DECREED that the Settlement Stipulation resolving Creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of Lodge Series IV Trust's Motion for Relief from Automatic Stay is hereby APPROVED.

BY THE COURT:

_____
Mark J. Conway, Bankruptcy Judge